UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cv-275 |
| VILLAGE OF SOUTH HOLLAND, ) | |
| TIMOTHY LAPP, R. STEGENGA, ) | Judge John W. Darrah |
| B. BURKE, P. WILLIAMS, ) | |
| M. ROBERTS, UNKNOWN SOUTH ) | |
| HOLLAND OFFICER, ) | |
| ADOLPH CLARK, ) | |
| VILLAGE OF RIVERDALE, ) | |
| UNKNOWN RIVERDALE OFFICER, ) | |
| VILLAGE OF DOLTON, ) | |
| UNKNOWN DOLTON OFFICER, ) | |
| RE/MAX INTERNATIONAL d/b/a ) | |
| RE/MAX SOUTH SUBURBAN d/b/a ) | |
| MASSENA SOUTH SUBURBAN, ) | |
| and ROGER BOWEN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Felicia Muhammad filed suit on January 13, 2012, against three municipalities: Village of South Holland, Village of Dolton, and Village of Riverdale (collectively, "Municipal Defendants"); Timothy Lapp, an attorney for the Village of South Holland, as well as Police Officers Stegenga, Burke, Williams, and Roberts (collectively, "Defendant Officers"); Plaintiff further named Adolph Clark, Re/Max International, and Roger Bowen as Defendants in her original, *pro se* Complaint. Plaintiff was appointed counsel twice; both appointed attorneys

withdrew, and Plaintiff was not permitted additional appointed counsel.[1]  Plaintiff filed an Amended Complaint on November 13, 2012.  Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5)-(6).  The motions have been fully briefed and are ripe for ruling.

## BACKGROUND

Plaintiff filed a disjointed sixteen-count Amended Complaint.  Counts I, II, and III purportedly state *Monell* claims against the Villages of South Holland, Dolton, and Riverdale, respectively.  Count IV alleges an excessive force claim against some Defendant Officers, while Count V alleges a violation of the Fourteenth Amendment for false arrest and false imprisonment against some Defendant Officers.  Count VI of the Amended Complaint alleges malicious prosecution against Defendants Clark, Williams, and Burke.  Counts VII, VIII, and IX are indemnification claims against the Villages of South Holland, Dolton, and Riverdale, respectively.  Count X is a claim of civil conspiracy against Defendants Lapp, Clark, Williams, and Burke, while Count XI alleges discrimination under the Fourteenth Amendment against Lapp and Williams.  Count XII claims the Municipal Defendants violated "International Human Rights Acts."  Count XIII is another civil conspiracy claim, alleged against the Village of South Holland, Williams, Clark, and Bowen.  Count XIV is a trespass to chattel claim against against Bowen, Re/Max, Village of South Holland, and Williams.  Plaintiff alleges negligence on the

---

[1] In support of a motion to withdraw by one of the appointed attorneys, he cited Local Rule 83.38(a)(5), which provides:  "In counsel's opinion the party is proceeding for purpose of harassment or malicious injury, or the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law."

part of Village of South Holland and the Defendant Officers in Count XV, and Count XVI includes a claim for state law battery against Village of South Holland and Village of Dolton.

Based on the facts alleged by Plaintiff, it appears these claims arose from Plaintiff's arrest on August 22, 2010. (Am. Compl. ¶ 13.) Plaintiff was arrested at a property she was leasing at 84 W. Woodland Drive in South Holland, Illinois. (*Id.*) Adolph Clark filed a police report to have Plaintiff removed from the premises. (*Id.* ¶ 17.) Though Plaintiff does not explicitly state it, from the Amended Complaint, one can infer that Plaintiff claims she was unlawfully evicted from her residence at 84 W. Woodland. Plaintiff claims to have a valid lease and a receipt for her rent payments. (*Id.* ¶¶ 3, 26.) Thereafter, during the course of her first arrest, Plaintiff alleges, she was "verbally abused" by police officers, battered, and had her property unlawfully seized; Plaintiff further states she was not read her *Miranda* rights. (*Id.* ¶¶ 21-22, 25, 31-32.)

On August 26, 2010, Plaintiff returned to the South Holland Police Department with Julian Nettles Bey and the "Landlord" (Sabeel El-Bey). (*Id.* ¶ 42.) Plaintiff then states that on August 31, 2010, she returned to the property on Woodland Drive to obtain her personal belongings and was falsely arrested again and handcuffed while an unknown police officer pointed an M16 rifle at her head. (*Id.* ¶ 53.) Plaintiff was again injured during the course of this arrest. (*Id.* ¶ 55.) To date, Plaintiff has not received her personal property she claims was illegally seized at 84 W. Woodland Drive, though a court order was entered on December 7, 2010, to permit Plaintiff to retrieve her personal property. (*Id.* ¶¶ 70, 74.)

As Defendants point out, absent from Plaintiff's Amended Complaint is any information regarding Plaintiff's ownership or possessory interests, including any public records or deeds relating to the property at 84 W. Woodland Drive, other than a reference to a purported rental

3

receipt. (*Id.* ¶ 26.) The public record does show Defendant Adolph Clark was the grantee on a warranty deed on the property, conveyed to him in 2006.[2] (South Holland Mot. to Dismiss Ex. A-2.) Clark obtained a mortgage on the property in 2008; thereafter, a notice of foreclosure was recorded on the property. (*Id.* Ex. A-5 - A-6.) However, until the judicial sale of the real estate was completed on January 5, 2011, Clark still held an interest in the property. 735 ILCS 5/15-1404. Despite Clark's ongoing possession of the property, Sabeel El-Bey, Plaintiff's alleged landlord, filed a "Warranty Deed to Trustee" regarding the property on July 30, 2010, which purportedly conveyed the property from the Grantor, the Moorish Science Temple of America, Inc., to El-Bey, for "silver coins in the amount of 21 pieces." (South Holland Mot. to Dismiss Ex. A-7.) As the public record indicates, El-Bey never had genuine title to the property. (South Holland Mot. to Dismiss Ex. A.) Therefore, El-Bey could not have properly leased the property at issue to Plaintiff.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

---

[2] A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012).

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

## ANALYSIS

*False Arrest, False Imprisonment, and Malicious Prosecution*

In Count V of Plaintiff's Amended Complaint, Plaintiff alleges she was falsely arrested and imprisoned by Defendants Burke, Williams, Roberts, and unknown officers. Count VI of the Amended Complaint alleges malicious prosecution on the part of Defendants Clark, Williams, and Burke, by "making false statements about Plaintiff which [sic] Defendants knew the charges to be false at the time they were made." (Am. Compl. ¶¶ 124-141.) Defendants assert these

5

claims must be dismissed, as Defendants had probable cause to support the arrest, imprisonment, and prosecution of Plaintiff.

Probable cause is an absolute defense to claims of false arrest, false imprisonment, and malicious prosecution. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause exists if the facts available at the time of an individual's arrest are sufficient to support a reasonable person believing the individual has committed an offense. *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008). While probable cause is often a fact-intensive inquiry best left to a jury, a court can determine if probable cause exists where the underlying facts are not in dispute. *Id.* (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)).

In the instant case, the facts are not in dispute as to whether or not the South Holland officers had probable cause to arrest Plaintiff. Plaintiff was residing in a home which she did not own, nor properly lease. The public record regarding the title of the property is sufficient to establish that. Additionally, Defendant Clark filed a complaint at the time of the incident, and he was still the owner of the property at that point in time. Defendant Officers had probable cause to arrest, imprison, and prosecute Plaintiff on these bases. Thus, Plaintiff's claims in Counts V and VI are dismissed.

*Excessive Force*

Plaintiff alleges excessive force and illegal search and seizure against Defendants Stegenga, Burke, Williams, and an Unknown Dolton Police Officer in Count IV of her Amended Complaint. In particular, Plaintiff alleges Burke "placed handcuffs on Plaintiff tightly causing injury" and that her "arms were twisted behind her back causing intentional injury" on August 22, 2010, further alleging Defendant Williams "verbally abused Plaintiff." (Am. Compl. ¶¶ 21, 24, 31.) Similarly, in an arrest on August 31, 2010, Stegenga "forcibly put handcuffs on

6

Plaintiff's [sic] causing injury." (*Id.* ¶ 55.) This statement contradicts Plaintiff's claim in paragraph 53 of the Amended Complaint, where on "August 31, 2010, Plaintiff was falsely arrested and handcuffed by *Unknown Dolton Police officer* pointing M16 at Plaintiff's head." (emphasis added).

It is unclear from the facts alleged who, if anyone, used excessive force on Plaintiff, and Plaintiff does not explain what injuries she incurred. Moreover, the Seventh Circuit has acknowledged that "making an arrest necessitates the use of some physical coercion," and this coercion is only excessive when an officer uses a greater force than is reasonably necessary. *Kim v. Ritter*, 493 Fed App'x 787, **1 (7th Cir. 2012). Placing handcuffs on an individual during an arrest is not a *per se* excessive force violation. *See Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006). Therefore, Plaintiff has failed to properly state an excessive force claim, and Count IV is dismissed.

*Civil Conspiracy*

In the Amended Complaint, Plaintiff alleges two claims of civil conspiracy: Count X alleges civil conspiracy under 42 U.S.C. §§ 1982, 1983, and 1985 against Defendants Lapp, Clark, Williams, and Burke; Count XIII invokes the Fourth and Fourteenth Amendments and Illinois law, alleging civil conspiracy against Defendants Village of South Holland, Williams, Clark, and Bowen.

Under Illinois law, civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing, by some concerted action, either an unlawful purpose or a lawful purpose by unlawful means. *Adcock v. Brakegate, Ltd.,* 645 N.E.2d 888, 894 (Ill. 1995) (citing *Smith v. Eli Lilly & Co.,* 560 N.E.2d 324 (Ill. 1990)).

A civil conspiracy claim under Section 1983 may be asserted where a plaintiff can show that "he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Hobbs v. Cappelluti*, Case No. 10 C 7649, 2012 WL 4499227, at *7 (N.D. Ill. Sept. 28, 2012) (*Hobbs*) (quoting *Kelley v. Myler,* 149 F.3d 641, 648 (7th Cir. 1998)). "The conspiracy itself is not an independent basis of § 1983 liability; there must be an underlying constitutional injury or the attendant conspiracy claim necessarily fails." *Hobbs*, 2012 WL 4499227, at *7 (citing *Hill v. City of Chicago,* No. 06 C 6772, 2009 WL 174994, at *9 (N.D.Ill. Jan. 26, 2009)).

Here, Plaintiff does not set out either the existence of an agreement or a tortious act in furtherance of such an agreement, so the state law claim for civil conspiracy, Count XIII, necessarily fails. Further, a bare allegation of a conspiracy is not enough to survive a Rule 12(b)(6) motion. *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009) (affirming dismissal of a civil conspiracy claim and similarly noting that the complaint at issue was "bereft of any suggestion, beyond a bare conclusion" that the defendants were embroiled in a civil conspiracy). Plaintiff has conclusorily alleged that a civil conspiracy existed and provides no legitimate independent basis for Section 1983 liability. Hence, Count X of the Amended Complaint also fails. Counts X and XIII of the Amended Complaint are dismissed, as Plaintiff has failed to state claims for civil conspiracy beyond a speculative level.

*Discrimination under the Fourteenth Amendment*

Plaintiff alleges, in Count XI, a claim of discrimination against Defendants Lapp and Williams under the Fourteenth Amendment. Plaintiff asserts she is a Muslim American. (Am. Compl. ¶ 13.) However, Plaintiff fails to assert any facts which might support a finding that she was discriminated against on the basis of her faith such to establish a plausible claim for

discrimination under Fed. R. Civ. P. 12(b)(6). Her claim of discrimination in Count XI is dismissed.

## *Monell* Claims

As discussed above, Plaintiff has failed to state a plausible claim for a violation of her constitutional rights. As such, Plaintiff is unable to assert *Monell* claims against the Municipal Defendants without any underlying constitutional violations. Plaintiff cannot establish a purported policy or code of a municipality under *Monell* where she cannot assert a claim that she suffered a constitutional injury. "It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [Plaintiff]'s constitutional rights." *King ex rel. King v. East St. Louis School Dist. 189*, 496, F.3d 812, 817 (7th Cir. 2007) (citation omitted). Hence, Plaintiff's *Monell* claims against the Municipal Defendants – Counts I, II, and III – are dismissed.

## *Indemnification Claims*

Plaintiff also asserts three claims against each of the Municipal Defendants for indemnification "under the Federal Civil Rights Acts" and "For Local Government Tort Immunity Act." (Am. Compl. Counts VII – IX.) Specifically, Plaintiff invokes 745 ILCS 10/9-102, which provides "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable . . . ." However, as previously addressed, Plaintiff has failed to state a viable claim against any of the Municipal Defendants' employees. Accordingly, Plaintiff's claims of indemnification against the Municipal Defendants – Counts VII, VIII, and IX – are dismissed.

*International Human Rights Claim*

Count XII of Plaintiff's Amended Complaint seeks to assert a "Violation of International Human Rights Acts and Code of Conduct for Law Enforcement Official [sic] Against Village of South Holland, Village of Dolton, Village of Riverdale Named and Unnamed Officers." It is unclear from the Complaint what, if any, claim Plaintiff alleges in this count and what legal authority she relies upon in support of this count. To the extent Plaintiff seeks to assert an equal-protection claim under this count, she has failed to allege the *prima facie* elements necessary to state an equal protection claim. *See McPhaul v. Board of Commissioners of Madison County*, 226 F.3d 558, 564 (7th Cir. 2000) ("To state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must plead sufficient factual matter to plausibly demonstrate that she: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse employment action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent."). Count XII of Plaintiff's Amended Complaint is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are granted. Counts I through XIII of the Amended Complaint are dismissed, as are Plaintiff's state law claims – Counts XIV, XV, and XVI.

If Plaintiff believes she could amend her Complaint to overcome the problems identified above, Plaintiff may do so within 28 days, provided she complies with Fed. R. Civ. P. 11.[3] If Plaintiff does not file a Second Amended Complaint within 28 days of this Order, her federal claims will be dismissed with prejudice, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), will not be exercised over Plaintiff's state law claims. The case is continued for status to May 30, 2013, at 9:30 a.m.

Date: April 25, 2013

JOHN W. DARRAH
United States District Court Judge

---

[3] Fed. R. Civ. P. 11(b) provides that representations made to a court are not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; that "the claims, defenses, and other legal contentions are warranted by existing law"; and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Violations of Fed. R. Civ. P. 11(b) may result in sanctions. Fed. R. Civ. P. 11(c).