UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA MUHAMMAD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF SOUTH HOLLAND; ) <br> OFFICER B. BURKE, individually and as ) <br> an agent of THE VILLAGE OF SOUTH ) <br> HOLLAND POLICE; OFFICER P. ) <br> WILLIAMS, individually and as an agent ) <br> of THE VILLAGE OF SOUTH ) <br> HOLLAND POLICE; ADOLPH CLARK; ) <br> and ROGER BOWEN, ) <br> ) <br> Defendants. ) <br> ) | Case No. 12-CV-275 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Felicia Muhammad ("Muhammad") filed her Second Amended Complaint on May 24, 2013, against the Village of South Holland ("South Holland"); Officers B. Burke and P. Williams (collectively, "Defendant Officers"); Adolph Clark; and Roger Bowen. Defendants South Holland, Defendant Officers, and Clark move to dismiss.

### BACKGROUND

Muhammad submitted her original Complaint under 42 U.S.C. §§ 1982, 1983, and 1985, against thirteen defendants, comprising municipalities, businesses, and individuals. The Complaint meandered through fifteen counts, all but one asking combined punitive and compensatory damages in excess of one million dollars.

Concurrently, Muhammad moved to proceed *in forma pauperis* and for appointment of counsel, both of which were granted. Before counsel was appointed, Muhammad properly filed her Complaint. Most Defendants then filed motions to dismiss for failure to state a claim on which relief could be granted.

Before these motions could be briefed, Muhammad's appointed counsel moved the court for leave to withdraw.[1] Replacement counsel was appointed immediately and each of Defendants' motions was withdrawn without prejudice, with leave to refile. Although granted leave to file an amended complaint with the assistance of appointed counsel, Muhammad was unable to do so before her replacement counsel was granted leave to withdraw.[2] No further replacement counsel was appointed, and Muhammad filed an Amended Complaint that was almost indistinguishable from the original. The primary differences in the Amended Complaint were a reduction of two pages and an addition of one count, bringing the total to sixteen.

Again Defendants filed motions to dismiss for failure to state a claim on which relief could be granted. The motions were fully briefed and each was granted by this Court on April 25, 2013, with respect to all sixteen counts. Muhammad was once more given leave to file this Second Amended Complaint.

---

[1] Counsel's reason for withdrawing was a vague allusion to conflict. (Dkt. No. 70)

[2] Counsel cited Local Rules 83.38(a)(3) and (5) allowing for relief of appointed counsel in the case of "disagreement on litigation strategy" or if, "[i]n counsel's opinon, the party is proceeding for purpose of harassment or malicious injury, or the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law."

Count I alleges excessive force and illegal search and seizure against Defendant Officers.  Count II alleges civil conspiracy against Clark and Defendant Officers.  Count III alleges trespass to chattel against Bowen, South Holland, and Officer P. Williams.  Count IV alleges negligence against South Holland and Defendant Officers.  Count V alleges a *Monell* claim against South Holland.  Finally, Count VI alleges an indemnification claim for the Local Government Tort Immunity Act against South Holland.

Muhammad alleges she possessed on all dates relevant to this Complaint a valid lease of the property located at 84 Woodland Drive in South Holland, Illinois.  (2d Am. Compl. Introduction, ¶ 24.)  On August 22, 2010, Adolph Clark filed a police report to have occupants of the Woodland property removed.  (*Id*. ¶ 12.)  South Holland Police accompanied Clark to the property and arrested Muhammad and two others.  (*Id.* ¶ 6.)  While handcuffing Muhammad, police allegedly twisted Muhammad's arms behind her back, put the handcuffs on tightly, and forgot to double lock the handcuffs so they grew tighter on Muhammad's wrists.  (*Id.* ¶¶ 14-15.)  At some point during the arrest, officers allegedly seized Muhammad's purse, keys, and a 2003 Mercury Marquis.  (*Id.* ¶¶ 13, 16.)

The Circuit Court of Cook County issued Muhammad an order to retrieve her property from the residence.  (*Id.* ¶ 22.)  Before Muhammad could enter the residence to retrieve her belongings, she alleges Bowen entered the residence, then seized and destroyed her property.  (*Id.* ¶¶ 31-32.)  South Holland (including Defendant Officers) and Clark have moved to dismiss.

**LEGAL STANDARD**

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought . . . ." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)).

If pleadings do not conform to these guidelines, a defendant may move to dismiss, asserting that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Alleged facts are presumed true, and pleadings must contain facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 572. Certain pleadings, though, may require more factual support than others to achieve plausibility. *Iqbal*, 556 U.S. at 670. "Deference is afforded to *pro se* litigants with regards to pleading standards." *Triplett v.* Donahoe, No. 12-cv-5719, 2013 WL 1787497, at *3 (N.D. Ill. Apr. 25, 2013) (citing *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). Nevertheless, presenting legal conclusions as factual allegations does not afford them the same presumption of truth in pleading. *Twombly* at 678.

**ANALYSIS**

*Count I – Excessive Force and Illegal Search and Seizure*

Muhammad asserts her August 22, 2010, arrest carried out by Defendant Officers was an illegal search and seizure and, moreover, involved excessive force. However, nothing in her Second Amended Complaint requires novel analysis. In fact,

Muhammad's Second Amended Complaint alleges even less than the original. *See Muhammad v. Village of South Holland*, No. 12-cv-275, 2013 WL 1788448, at *3 (N.D. Ill. Apr. 25, 2013). The public record submitted by Defendants, reflecting Clark's property interest in the residence (Def. Mot. to Dismiss, Ex.1)[3], remains sufficient to establish probable cause to arrest; and the natural consequences of placing someone in handcuffs still do not rise to excessive force. *Id.* at *4.

For the third time, Muhammad insists on generically listing concepts rather than factually describing any event. Such a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Muhammad's assertion of excessive force and illegal search and seizure lacks the amplification by way of facts required by *Iqbal*, and Count I is therefore dismissed.

*Count II – Civil Conspiracy*

A claim of civil conspiracy under 42 U.S.C. § 1983 requires a plaintiff to allege "[s]he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). Once alleged, four factors must be present to sustain such a claim:

---

[3] Defendants submitted the public record of title to the property at issue. The title shows that Clark retained a property interest through March 18, 2011. "[O]n review of a motion to dismiss, the court may take judicial notice of facts that are readily ascertainable from the public record and not subject to reasonable dispute." *Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, No. 13 C 1706, 2013 WL 6730885, at *5, n.3 (N.D. Ill. Dec. 20, 2013).

(1) an agreement; (2) where the agreement is not overt, the alleged facts must sufficiently raise an inference of mutual understanding; (3) acts performed by coconspirators are adequate when they would not likely have been undertaken absent an agreement and (4) a "whiff" of the alleged conspirators' assent must be apparent from the complaint.

*Piphus v. City of Chicago*, No. 12-cv-7259, 2013 WL 3975209, at *7 (N.D. Ill. Aug. 1, 2013) (citation omitted).

Muhammad flatly alleges that Clark and Defendant Officers "conspired." (2d Am. Compl. ¶ 53.) It is undisputed that the Defendant Officers were acting in their official capacities when they effected Muhammad's arrest. Yet, as discussed under Count I, there was no apparent constitutional violation. Further, even if there were a way to plausibly infer a constitutional violation, the Second Amended Complaint is devoid of even the slightest hint of an agreement between Defendant Officers or either officer and Clark. Count II is dismissed.

### Count V – *Monell* Claim

When a "government's policy or custom" results in an injury to civil rights, the government may be held responsible as an entity. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Failing to submit a set of facts that demonstrates a particular policy precludes the sufficiency of a *Monell* claim. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Muhammad's Second Amended Complaint alleges a number of scenarios that could form the foundation on which to build a *Monell* claim; but as she fails to allege any facts in support, they remain merely conclusions. As a result, Count V is dismissed.

*Counts III, IV, and VI – Trespass to Chattel, Negligence, and Indemnification*

The remaining counts are governed by state law. "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) (citation omitted).

## CONCLUSION

For the reasons set forth above, Clark's Motion to Dismiss [152] is granted in its entirety. Clark's Motion to Dismiss [139] is moot. The Village of South Holland's Motion to Dismiss Muhammad's Second Amended Complaint [140] with respect to Counts I, II, and V is granted, and they are dismissed with prejudice. The remaining Counts based on state law are dismissed without prejudice and remanded to the Circuit Court of Cook County, Illinois.

Date:   1/28/2014

JOHN W. DARRAH
United States District Court Judge